All right, Mr. Fenster. Yes, Your Honor. You may proceed. Thank you. I represent Caltex Plastics in both cases, and counsel are the same in both cases. We've kind of gotten to know each other over the years, so it's been an interesting exchange. Anyway, talking about Elkay Plastics, there are a number of undisputed facts which I think the court really disregarded in terms of making its decision. Counsel, would you speak directly into the microphone? Would you pull it down a little? Thank you. Is that better? Much better. Thank you. Caltex Plastics is the only manufacturer that has been qualified by the Department of the Navy to manufacture a material specified as MIL-PRF-81705 Type III, and that's used to package highly sensitive electronics, and that's been true since February of 2010. It's also true today. To qualify, the product must undergo rigorous testing by the Department of the Navy, which has extremely high safety and quality standards, and the reason is because if something is packaged improperly, then it may degrade, and if it degrades, there are going to be all kinds of issues in terms of performance. So it's a very, very specific and highly qualified product. Could I just ask you a question? How does the evidence that Caltech provided at trial demonstrate that LK's claims were literally false? Well, literal falsity comes from a number of areas. First of all, when they say that it meets the standard, they said, here's what they said, the static shielding bags meet the electrostatic requirements of MIL-B81705 Type III. That's false, and the reason it's false is because the only entity that can make that determination is the Department of the Navy. That's why they have two steps that are taken. The first step that is taken is by an entity that decides that it wants to submit its material to get military specification, and they go to the website, and the website says, here are all the tests, and here are all the standards, and here are all the qualifications you need to meet. Once you think you have met those qualifications, then you must submit it to the government, to the Department of the Navy. And in this case, the evidence is absolutely clear that that never happened. They didn't do independent testing on the part of LK. They didn't submit anything to the government, and the only one that did was Caltech's, which is why it has the designation. Upon whom is the burden of proof? Well, I would say that the burden of proof, if you're making a representation, has to be on the party that's making the representation. If you want to look at literal falsity and you want to say whether or not literal falsity applies, you say, okay, let's look at the context. In the case of say, literal falsity can be done in two ways. One is just by on its face, and the other is the context. And in the context, when you're advertising and you're making statements that it's MILPRF, then by definition, you're making a false statement because it's not. Well, why must the LK's products be Navy qualified for them to meet military requirements? Because that's what the requirement is. Frank Magnifico testified to that. Well, if they meet the requirements without being qualified, doesn't that satisfy it? No. Let me see if I can explain what it is. One of the examples that was raised in the opposing brief is that the Court found that somebody could independently do some testing and make a determination as to whether or not the standard was met. And you did some testing, did you not? We did some testing, yes. And did you submit that to the Court? We identified in testimony that the testing was submitted to the Court, but there was no statement as to what the finding was. And the reason there was no statement as to what the finding was is because it was largely irrelevant, and the reason it's irrelevant is because if you're going to make a representation at your MILPRF, you must, by definition, have the qualification issued by the government. Otherwise, it's a misrepresentation. That's why it's literally false. And why did you do the testing? I'm sorry? Is there anything in the record to show why you did the testing then, if it was irrelevant? The only thing that is in the record was a statement that was made on cross-examination, which was whether or not the material had been tested, and the answer was that our client sent it to a company called Senawang. Senawang is a company that manufactures the product for us, but there was no result that was ever asked about, and it was never followed up. Again, it doesn't really matter, because even if Senawang said it would have met the standard, it wouldn't have met the standard for advertising it as military specification. But just so I'm clear on this, I see these ads for trucks all the time on TV, and it'll say, you know, General Motors, GMC, Avalanche truck with military-grade truck bed. Now, when I see that ad, I don't think, oh, I think the military really went out and tested that truck bed. I'm thinking they're saying that it's as good as military-grade. But there is a denotation when you put MILPRF in front of it. That is the difference. If you say it's up to military grade, that's a very ambiguous comment. But when you use a specification that is identified by the government, that is not something that's general. That's not something you can say, well, people have found that we are equal to or better than somebody else, because then you can talk about, OK, is that true or not, and you can do comparative testing. In this particular instance, the only comparative testing that you can do after you decide for yourself that that's the situation is to go to the government and say, OK, we can claim Well, it's a two-step process. Yes. First, you're supposed to test for yourself. Yes. And then satisfy yourself. And the reason is And then, once you've satisfied yourself, then you give it to the government, and the government does a second test. That's correct. And in this case, they testified that the president of the company testified he did absolutely no testing. Well They didn't do any testing. They didn't submit anything to the government. They just made the statement that it's MILPRF. It meets the standards. Well, if you say something meets the military standard, isn't there an implication that there must have been testing, because otherwise, how do you know that it meets that particular standard? That is correct. But it takes the next step, which is you cannot make that representation unless the government says it meets the standard. Evidence was Well, I understand you have a two-pronged argument. One is literally, meaning literally in the sense that we always use the term literally, or by clear implication. I may not be using the actual template words, but somebody reading this, how else would they be able to say that it meets that category, that specific category, without testing? Isn't there an implication? Yes. And that's your second argument. Yes. And that's why I said you have to look at the context. And the context in terms of making a representation is that there's an assumption when you say it meets something, that you must have done something to determine that it met it. And they've done nothing. And they've done nothing. Well, what's the evidence, in fact, that it does not meet the specification? I think it's agreed. Everyone agrees the military did not go in and test it. But what is the evidence that it, in fact, did not? Maybe just magically it was the same. They're just so good at what they do, it meets the same. What's the evidence that it did not meet that specification? Because they never did any testing. But they're two different things. I can say this guy has Olympic speed and maybe he's never been timed, but it just so happens he's as fast as Carl Lewis. And these things can happen. And the question is answered very directly. Who's going to make that determination as to whether or not it meets it? Let me give you an example. You just used the example of a runner. Well, if I have a runner back there and I say that my runner can beat Hussan Bolt, the question is, let's see it. Let's test it. And so in this particular situation, if you say I'm MILPRF, there's only one entity in the entire world that can make that determination as to whether you satisfied the test. That's the government. But what — doesn't that get back to Judge Nelson's question of who has the burden of proof here? I mean, the fact of the matter is, if they had the burden of proof to prove that it, in fact, was as good, maybe they failed the burden of proof. But since you're the plaintiffs in this case and you're the ones suing, isn't that on you guys? No, that's the literal falsity argument. The literal falsity argument is it changes the dynamic. Because once I show that it was literally false, as Your Honor indicated, that you're making a statement that you have — which implies that you've tested it and you haven't tested it, and I say, well, it's literally false, and then they can come back and say, whoa, whoa, it's not literally false. Let me show you all the testing we did. Let us prove that our product is equal to or better than yours or it meets the standards that have been articulated by the government. And that's not been the case. Now, but here we have a jury — well, a trial judge verdict. Right. And he found that there was no confusion here. There was no deception here. So what standard are we reviewing this under? I think the answer is that he reviewed a different standard and the case that he cited was really not standing for the proposition that he said. And by the way, he's a good judge, but judges are not always infallible. And so — That is definitely true. That's why we're up here at appeal. But one of the things that he was talking about was the establishment claim. And he said his test was we didn't meet the establishment claim. And also, he looked at the very first test in terms of what the elements are, and it says the first element is that the defendant made a false statement of fact about plaintiff or its own product. And he said you never made a false statement. So he never went beyond that statement. He never went beyond the idea that there's no false statement here. And then what I say is you take a look at the cases that they've cited or that have been cited and they talk about that it's within the context. You have to look at the entire situation. And that's not what the judge did. Although the judge did acknowledge, and this is why his opinion to me is inconsistent, he did acknowledge on a number of occasions, A, we're the only ones that have been tested and received approval. B, L.K. never did a single thing in terms of making any kind of a test. Number three, it got information from its suppliers saying that it met certain standards, but they never asked for any information pertaining to the suppliers to what testing it had done. And number four, that supplier changed its advertising because it recognized it by saying it was MILPRF. It was wrong. So if you take the context in all of that, you get really strength for the literal falsity. And I don't see where the judge addressed those issues because he didn't reach them. He just looked at it from the first point of view and said not only is there no literal falsity, but you, plaintiff, have not done any testing to make a determination to compare and contrast. And we're saying under the literal falsity test from the Ninth Circuit and other circuits, that's not a requirement. So it is a switching of the burden of proof, and that burden of proof then goes to the defense, which they couldn't satisfy. Can I ask you, in the list, the judge's opinion has a list of findings of fact. Yes. Is there any of them that you say are wrong? I don't think that the findings are... That's what we normally defer to. When... I was reading it, and it seemed to me that nothing that he said was contested. No, there are... Well, let me say this. The findings of fact, there are two separate findings of fact. One finding of fact, or group of findings of fact... He starts off his opinion, essentially. That's what we agree. And then he goes on to the law. Correct. The findings of fact that were stepped forth in the beginning of his opinion are the findings of fact that counsel and I had agreed to beforehand. That was a submitted statement of fact. So, no, there's nothing in there that's wrong. What our concern is, is that he made certain findings based upon that that did not take into account the real test for literal falsity or any of the other underlying factors. Well, when you say he made certain findings, there's a difference between findings and conclusions. Okay. Well, let me say this. For the conclusions that he reached, based on those findings and the testimony that was presented at trial, is where we part company. Unless there's any other questions... Do you want to reserve? Yes. Thank you. Thank you. Good morning, Your Honor. It's Gary Anderson of Full Wider Patent on behalf of the appellee, LK Plastics. Can I ask you, just at the start... Yes. Why did you use this? Wasn't it the whole purpose of the MIL-PFR-801-705-Type 3 meets that test? Wasn't the purpose of that to mislead? No, Your Honor, it was not. Why did you use it then? Because, as the court found through the evidence that actually was introduced at trial, LK Plastics purchased the products that it sold, the bags that it sold... Right. ...from the two suppliers. Okay. Those suppliers provided them technical specification sheets that made that representation... No, no, but I don't understand. ...and they relied on it. They bought it from suppliers and they sold it to someone else. Who put that MIL-PFR, et cetera, on that product or said it? I don't believe anybody put it on the product itself. Or made that... The suppliers, the two suppliers that LK purchased from, made that representation to LK and in reliance on that, the reputation from their suppliers, they in turn put that in some of their promotional literature brochures. I know, but that gets me down to the question. Why did they put it in their literature or advertisement if it wasn't intended to mislead? It seems to me that it had the obvious purpose of saying that this meets the military standard and why did they say that? Particularly since I think you say, possibly in your brief, but I don't remember, that you weren't even selling to the people who did defense work. This was a general, this was a sale to commercial... That's correct, Your Honor, and the court did find that, that LK markets in the commercial industry not in the defense contracting industry. And so you advertise that you meet a military standard. That, it seems to me, is true in the example that Judge Owen gave. You're saying that it enhances the product to say that it meets the military standard. We're saying that... And that was essentially intended to mislead. No. Your Honor, it is only misleading if in fact it's knowingly false. If they made that statement knowing it was false, then yes, you could conclude... But I want to know why did you make it to begin with? That's a question that did not come out at trial. That wasn't adduced at trial. That's something you go and marketing people do some things. You don't know. But there was no evidence as to the motive or intent. So you advertise it as meeting this military standard, which it clearly says, and you don't know why. That's correct, Your Honor. It was placed there by the advertising department. Well, that's not an answer. It was placed there by the advertising department knows what sells. It's designed to suggest to somebody that this meets a military standard and you have no way of knowing whether it does or it doesn't. And under the law, it doesn't matter if it is in fact true. Well, but doesn't that carry the implication? How could something meet a military standard unless you've tested it? Well... What did you just get together in the kitchen and put and take the way you do with a recipe to cook something and then you just put it together and you say it meets a standard? It seems to me that it seems to me that that carries the clear implication that that... You say that it meets this military standard without doing some sort of test that carries the implication that some test was done and none was. No, that's not... There is no evidence to that fact in the record. What the evidence was that L.K. did not test it. Your client didn't testify to that? No. There was no... That was not disputed. L.K. did not test the product. But that... That's right. There's no requirement and... There's no requirement if you're not making the representation. I'm getting... What I'm suggesting is that there's a clear implication that a test was made because how else do you determine that it meets the standard? But that begs the question, Your Honor. On this case, on the false advertising claim, Caltech's had the burden of proof to show that that claim was literally false and they can do it two ways. They can actually submit actual evidence that it was false. That the claim was false. But if you... I don't mean to interrupt you. I know what you're saying. But if you accept the premise of my argument that it carries the clear implication that it was tested, then they've introduced... They've met their burden because it conceded that it wasn't tested by anybody. No. They did not meet the burden, Your Honor.  shows is that L.K. did not. The evidence was clear that L.K. relied on the representations of its two suppliers. Caltech's did not test the product They did not submit any evidence that it was false. Who cares what they relied on? They made this statement. They relied on it. It almost proves their confusion point. You relied on it because your supplier said it. So you said, well, I'm relying on it. It almost goes... You're almost proving  That, what I would strongly disagree with, Your Honor. My point would be assume that the two suppliers tested the product and they tested the product and they tested the product they put those representations onto the spec sheets that L.K. received and relied upon. So in order to prevail in other words you, they would have to show that the people who you bought it from even though it carries a clear implication that there must have been testing and you didn't test they would have to show that the people you bought it from didn't test. Is that your argument? They have the burden of proof, yes. They would have to show that and or show that the false that the representation was otherwise false and misleading. As Justice Owens questioned counsel hypothetically with the Olympic sprinter I can say he can have speed and just magically it he does have Olympic speed even if that person has never been timed before in a race it's still a true statement. These the meets the electrical requirements statement in terms of this false advertising claim Caltech bore the burden of proof and that's I don't think there's a dispute on that under the law to prove it was false one of two ways it's literally false which they didn't do and they had the opportunity because they tested the bags and did not submit the test results in court to prove that it was false i.e. the test results showed it did meet the spec secondly counsel's argument it only flows under the assumption that they're correct in the statement that meets is the same as qualify you can't even say it meets the spec unless you've had the Navy qualify it and that's the gist of their misleading argument since only the Navy can put your product on the QPL if the Navy didn't test it and you make any representations about meeting the spec that's false because only the Navy can do it but what the court found based upon the testimony of Mr. Magnifico the Navy individual in charge of the testing lab is no you can test because the spec is online you get the spec first and you test it and make sure it meets so you don't waste my time testing the product for official qualification you can test the product the Navy is going to test it either way but they he said that the way it works is that the manufacturer or whoever the distributor whoever tests it has to test it first and then they give it over to the Navy and the Navy does not take their word for it they test it let me ask you counsel was there ever any representations in that materials introduced at trial saying anything about testing in the promotional materials for example you'll see ads on TV that say we've tested this and it's the same so never representation about that there was no representation what the evidence of trial showed was that in certain catalogs or brochures that LK had used over time there had been representations along the LK  so we never seen standard and meets   undergone laboratory examinations and meets nothing like that nothing like that nothing like that nothing like that nothing like that one the people that they were buying product from most people who we sell I think in the commercial world if you buy a product and the person you're buying it from for resale make it tells you that this these are the characteristics of the product I think most companies I don't understand your argument about relying suppose you had actually said this has been tested and it meets this military requirement if we would you have had a defense that you simply relied on your supplier? No, if I made the statement that it had been tested of the affirmative statement then that changes the dynamic of what the analysis would be But then so then then if you made the actual statement then you wouldn't be a defense some sort of a defense to you that you relied on your supplier for that? Um under that scenario that might not be, your honor Well, then what I'm suggesting is it's no more a defense if that clearly implies that there had been a test and your response to my question isn't it how do you know that it meets that standard without testing? Your response is well, the person we bought it from told us That's what occurred in this instance That's true That's true But again I think your honor's line of questioning sort of misses the point in terms of what Caltex's burden of proof was in order to to meet the threshold under their their false advertising claim the Lanham Act claim they had to show that the statement was false and there's two ways the literal, which they agree they didn't submit any testing evidence they didn't do it the other way is sort of by an implication and it's sort of it's the prong that went under is the lack of substantiation approach where you know if they if that statement impliedly suggests something had happened then they have to come forward to show one, it either didn't happen or what what L.K. impliedly did was wrong or insufficient to support that statement Caltex came forward with no evidence to with regard to to anything in that regard and they had the opportunity the case was pending for many, many months they could have taken discovery and and introduced the evidence they chose not to Can I ask you as long as we're talking about they supposedly they didn't take tests why did you stop when they told you to in effect when they threatened a lawsuit um because one the real the reason we stopped we didn't want to get sued we thought in the letter which I believe is in the record the response that I actually sent back to Mr. Finster um said we don't agree with what you're saying um we don't agree it's false but this isn't worth getting in a fight over and we'll pull it and we did before the suit was filed and it's in the that's in the the court found that um you know my client made a business decision said yeah I think we may have the right to continue to do it if you counsel if you tell me but I don't want to get in a fight with these guys so if they want us to remove it we removed it and they did well suppose we affirm the district court are you going to go back and use it no I there's no we're not going to you know we made a representation that we would stop using it um and I'm not going to my client is not going to give Caltex another reason to find you know another basis for them to find a reason to bring a new lawsuit um we want to get this behind us and and just move on well do you want to move on well I do want to a couple of things um uh again because the question's been asked about the whole burden of proof issue and you did ask the question your honor I don't think you got the correct answer the burden under whichever approach Caltex uses to substantiate and prove its claim it's the same it's their burden of proof they have to prove the falsity under one of two different ways they can prove it the burden never shift to the defendant doesn't shift to LK to to substantiate or prove the validity of the statements that was their burden and it never changed I'll have to be honest you know what concerned me about this case is that they did do testing but they chose not to submit the results that's true and and again that would suggest strongly suggest uh I think most people there was a reason they weren't those test results didn't get submitted um it didn't help their case um um and that goes to the other point that he made about and I think uh your honor asked well the testing but you didn't submit any test results and I believe Mr. Fenster said that the test results they're irrelevant you didn't need to submit them um my point would be if you're the plaintiff and you have the burden of proof and you have test results that would have supported your case you probably had a duty to to that's not irrelevant you should have submitted it that would have been I think on my brief I said that would have been exhibit one maybe it would have been exhibit two after the court's order that they're appealing from but it would have been right there front and center that uh that uh they had tested and in their conclusion the product had failed unless there are any other questions no thank you very much counsel and Mr. Fenster when you're done with your rebuttal if you want it you can go back to your council table or you can just stay there you don't have to go back if you don't want to first time in my history I've been able to monopolize a court for two cases in a row let me make a couple of observations number one Frank Magnifico who is the person from the Department of the Navy who's in charge of making these decisions said in his testimony that the 81705 spec and I'm quoting requires qualification by the military and a company cannot claim to meet the standard when the company knows that there is a requirement to be tested but has not gone through the process that is the standard and so that brings it to the literal falsity and why do I say that brings it to the literal falsity because under the cases that we have cited including I don't need to go through them all but it says that either you can show that a statement is false on its face or by necessary implication and that's the necessary implication that we've got in this in this case because of what happened and then when you have the president of the L.K. who says it did not have any evidence that its static shielding bags do meet the 81705 standard and yet that's exactly what they advertise and the reason they advertise it was obvious because it's 40% more expensive for our bags to be purchased than it is for somebody else who's selling commercial bags but saying that they have the protection that you'd have with MIL-PRF-81705 and the final comment is that it doesn't matter what their supplier said they have a claim which they would have raised for indemnity in the event that the trial court did what it did because they would have said we relied on what you told us and what you told us was wrong and therefore we're going to seek indemnity so they have a remedy but they just can't say that we're going to rely on something else because what's the basis for the reliance where's the reasonable reliance  that's it are they right that you that you sell to a different customer base than they do that your your your your your your your your your  Yeah and how would you prove damage if that's true in other words you say you sell to the military you wouldn't have been hurt presumably in terms of the military sales how would do you do you actually sell on the commercial market as well Yes we do and here's the point that was raised on the direct contamination and that is that when we were trying to sell our products as military speciification products in the commercial field the customers came to us and said why would we pay 40 percent more for your product when we can go somewhere else and get it and it says it it meets the specifications that's exactly what it was designed to do and look at their sales they did over 7 million dollars in sales on that product so there's a good reason that they did it because even the president of the company said the reason that I put that on there is because I wanted to drive sales and how would I'm just this is just as long as you have eight seconds how would you prove damages what would you have to show to prove damages you prove damages by the statistical analysis of those products which were sold when they said that they were they were using a misrepresentation Thank you very much counsel the matter in LK plastics is submitted
judges: D.W. Nelson, Owens, Korman